41 P.(2d) 1105

## STATE ex rel. BARD v. BOARD OF COUNTY COM'RS OF GRANT COUNTY et al.
### No. 3984.

Supreme Court of New Mexico.
Feb. 26, 1935.

Robert Hoath La Follette, of Albuquerque, and Kenneth G. Speir, of Newton, Kan., for appellant.

Joseph W. Hodges, C. C. Royall, and R. M. Wiley, all of Silver City, for appellees.

WATSON, Justice.

By alternative writ of mandamus, the Board of County Commissioners of Grant county was commanded, among other things, to "allow, permit and employ" William H. Bard to perform all the engineering and survey work for the county, to perform all the duties and functions pertaining to the office of county surveyor, to appoint him county road superintendent, and to allow and employ him to perform all the duties and functions of that "office," or to show cause.

On the coming in of the answer, the writ was quashed and Bard has appealed.

Our opinion handed down December 5, 1934, affirming the judgment, left open questions which appellant thinks we should decide. We have concluded that we may as well withdraw that opinion and go to the root of the matter.

Appellant's principal contention on the merits is that he, the duly elected county surveyor, is entitled to perform the duties and receive the emoluments which Burton G. Dwyre has been performing and receiving under employment by the Board of County Commissioners as county road superintendent.

Appellant relies on Laws 1891, c. 33, § 11: "All county surveying, engineering on roads and bridges, shall be performed by the county surveyor and he shall by virtue of his office be one of the viewers in the establishing of new roads or the location of bridges." Comp. St. 1929, § 33-4911.

Appellees rely on Laws 1921, c. 135, § 1: "The board of county commissioners of any county in this state may employ a county road superintendent and by resolution provide that such county road superintendent, subject to supervisory powers in the board of county commissioners, shall have charge of all work of construction and maintenance of county roads and bridges, and the purchasing of equipment, materials and supplies therefor." Comp. St. 1929, § 64-201.

Appellant contends that the earlier statute expressly requires that the county surveyor perform the engineering on roads and bridges; that it has not been expressly repealed; that it has not been repealed by implication except in so far as the later act is incompatible with it; and that there is no incompatibility, since the board may employ the county surveyor as its road superintendent.

The act of 1891 (chapter 33) is a comprehensive act, "to create the office of county surveyor" (title). It prescribes the duties of the office; to qualify for which one must be "a practical land surveyor actually engaged in the business." Section 1 of the act (Comp. St. 1929, § 33-4901). It contemplates that all county surveying and engineering shall be done by him, including that on roads and bridges. Section 11, supra. It fixed his compensation for county work at $5 per day and expenses. Section 12 of the act (Comp. St. 1929, § 33-4912). The county salary act of 1915 increases the compensation in counties of the first class to "not to exceed ten dollars per day for each day actually employed * * * not to exceed one hundred fifty days per annum." Comp. St. 1929, § 33-3202.

The act of 1921 (chapter 135) is a comprehensive act "relating to County Roads and Bridges" (title). It leaves it to each county to

adopt one of three specified plans: The county road superintendent plan followed in Grant county, the district road supervisor plan, or the plan of contracting with the state highway commission for construction and maintenance and the purchase of equipment, materials, and supplies. Sections 1, 2, and 3 of the act (Comp. St. 1929, §§ 64-201 to 64-203).

Under the plan adopted in Grant county, the county board has "supervisory powers," and "may employ" a superintendent and "by resolution provide that [he] * * * have charge of all work of construction and maintenance of county roads and bridges, and the purchasing of equipment, materials and supplies therefor." Section 1 of the act (Comp. St. 1929, § 64-201). Expenditures are by the board's warrant on approval of the superintendent. Section 4 (section 64-204). A budget is provided for. Section 7 (section 64-207). It shall include "engineering, supervision, superintending, automobile travel expenses and other overhead expenses, and for the compensation of county road superintendents. * * * " Section 9 (section 64-209). No limit is placed upon the superintendent's compensation.

■ Reminding us that repeals by implication are not favored, and that both statutes must be allowed to operate if possible, appellant contends that the only way in which effect can be given to both is to require the Board of County Commissioners to employ the county surveyor as its county road superintendent. So to require would, of course, be in aid of the earlier statute. It would as plainly limit the later statute, which is entitled to a reasonable and practical construction.

■ But here we think construction hardly called for. The language, with necessary implications, settles the matter. Authority to "employ" is given. Without more, that implies a choice of employee and a discretion as to terms of employment. It cannot have been the legislative purpose that a county officer should "have charge" of that work ex officio. Such a purpose was easily to have been expressed. No surer means of negativing it could have been chosen than giving authority to the board to "employ" a superintendent.

This satisfies us that the command of the alternative writ that the county board employ appellant as its county road superintendent cannot be sustained. The most that appellant could claim is that, under "charge" of the superintendent, who in turn is subject to the "supervisory powers" of the board, appellant must be given the surveying and engineering. Here construction is in order.

Of course, if appellant is entitled to this employment ex officio, he is held to the statutory compensation. When he has engineered and surveyed for 150 days in 1 year, the work must stop until the next year. If the county must employ appellant, it will follow that all engineering and surveying of county roads and bridges, however taxing upon engineering knowledge and skill, is committed to an official who may qualify for office by being a practical land surveyor actually engaged in the business. If Grant county should adopt the alternative of contracting with the state highway commission for its road and bridge construction and maintenance, the commis-

sion must set aside its engineering staff in favor of the county surveyor.

■ We are unable thus to construe this modern highway statute. We think it constitutes a scheme of road building complete in itself, without any place for the county surveyor ex officio. So we are content with the holding below that, as respects the operation of the 1921 statute, section 11 of the 1891 statute stands repealed.

It is contended by appellee that mandamus was not the appropriate remedy in this case. In view of the conclusion we have stated, that is a question unnecessary to consider.

The judgment will be affirmed and the cause will be remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.